IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT E. BIEHL,

                    Plaintiff,

          Vs.                                        No. 07-4084-SAC

BRENDA STOSS, City of Salina
Municipal Court Judge, and
ROBERT A. THOMPSON, City
of Salina Municipal Court Judge

                    Defendants.

MEMORANDUM AND ORDER

          The plaintiff appears pro se in bringing this civil rights action.

The magistrate judge recently granted the plaintiff's application for leave to

file his action in forma pauperis. (Dk. 3).  By the terms of 28 U.S.C. §

1915(e)(2)(B)(iii), the court shall dismiss an action that "seeks monetary

relief against a defendant who is immune from such relief."

**PLAINTIFF'S COMPLAINT**

          As laid out in his complaint, the plaintiff claims the defendants,

Salina Municipal Court judges, during a period of time running from

December 23, 2003, through April 21, 2004, failed to appoint him an

attorney, refused to dismiss charges against him when law enforcement

officers failed to appear at hearing, conducted a "phony trial," and found him guilty of the charges.  (Dk. 1, p. 3)   To his complaint, the plaintiff attaches not only a traffic ticket issued on December 4, 2003, for driving under the influence, but copies of some court records corresponding to the dates alleged in his complaint.  In particular, the plaintiff includes a Salina Municipal Court docket entry for December 23, 2003, indicating that a waiver of counsel had been signed and that a financial affidavit had been denied.  The plaintiff also attaches a copy of the signed waiver upon which he writes that his signature on the waiver is a forgery.  The attached municipal court records further reflect that on March 4, 2004, the plaintiff Biehl was tried on the DUI charges and found guilty, and that on April 21, 2004, he was fined and given a suspended sentence with one year of parole after serving two days in custody.

As set forth in his complaint, the plaintiff''s claim for relief asks for "something for all the misery . . . caused" him.  (Dk. 1, p. 4).  He requests both actual damages and punitive damages but fails to specify an amount of damages.  Instead, the plaintiff alleges that "no amount could make up" for his losses.  *Id.*

**ANALYSIS AND HOLDING**

In a case proceeding in forma pauperis ("IFP"), § 1915(e)(2)(B) allows a district court to dismiss a complaint "at any time," and there is no requirement under the statute that the court must first provide notice or an opportunity to respond. *See Jones v. Barry*, 33 Fed. Appx. 967, 971, 2002 WL 725431 (10th Cir. Apr. 25, 2002). In deciding the propriety of dismissal, the court accepts the allegations of the complaint as true and construes those allegations and any reasonable inferences therefrom as to favor the plaintiff. *Perkins v. Kansas Department of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999) (citation omitted). With pro se complaints, the court must liberally construe the allegations. *Id.*

In an IFP case, § 1915(e)(2)(B)(iii) specifically requires a court to dismiss a case when the plaintiff seeks monetary relief against a defendant who is immune from such relief. The plaintiff's claims here are for money damages from two municipal court judges for their actions taken only in their official capacities. An established line of Supreme Court precedent provides "that, generally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam) (citations omitted). This immunity ensures a tenet central "to the proper administration of justice that a judicial officer, in exercising the authority

3

vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* at 10 (quotations and citation omitted). Exceptions to judicial immunity number only two: (1) "actions not taken in the judge's judicial capacity," that is, actions which by their very nature and function are not "normally performed by a judge"; and (2) actions of a judicial nature "taken in the complete absence of all jurisdiction" that is, actions which do not merely exceed a judge's authority nor merely aid a "judge's jurisdiction over a matter before him." *Id.* at 11-13. Judicial immunity continues even in the face of allegations that a judge acted with malice, in excess of his authority, or so as to commit "grave procedural errors. *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (quotation marks and citation omitted). "Only accusations that a judge was not acting in his judicial capacity or that he acted in the complete absence of all jurisdiction can overcome absolute immunity." *Guttman v. Khalsa*, 446 F.3d 1027, 1034 (10th Cir.2006).

Even construing Plaintiff's pleadings liberally, as the court is required to do because he is proceeding pro se, *see Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), the court has determined that all of Plaintiff's claims are barred by the doctrine of judicial immunity.

The plaintiff's allegations focus exclusively on the actions of the defendant municipal judges taken in their judicial capacities and in performance of matters fully and properly committed to their jurisdiction.  Therefore, all of the plaintiff's claims against the defendant judges are barred by the doctrine of judicial immunity.  Because the defendants are clearly immune from the relief sought in the complaint, the claims against them must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

IT IS THEREFORE ORDERED that the plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against defendants who are immune from such relief.

Dated this 24th day of July, 2007, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge